**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

CRIMINAL ACTION NO. 5:26- CR. 34- REW

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**


**V.**                                      **PLEA AGREEMENT**


**SIDNEY DONELLA BEATY**                                        **DEFENDANT**

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to the sole count in the Information, charging a violation of 26 U.S.C. § 7206, Fraud and False Statements.

2. The essential elements of Count 1 are:

    (a) The defendant made and signed an Individual Tax Return (Form 1040) for the year in question that was false as to her income;

    (b) The return contained a written declaration that it was signed under the penalties of perjury;

    (c) The defendant did not believe the return to be true and accurate as to her income;

    (d) The defendant acted willfully; and

    (e) The false matter in the Form 1040 was material.

3. As to the count in the Information, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

1

(a) SIDNEY DONELLA BEATY stole, from Victim 1, $87,952.77 in tax year 2022 and $97,550.64 in tax year 2023. The defendant was indicted in case number 25-CR-00145, *United States v. Sidney Donella Beaty*, for stealing the funds from Victim 1.

(b) BEATY signed a Form 1040 for tax year 2022 on January 27, 2023, that contained a written declaration that it was signed under the penalties of perjury, wherein she reported earning $51,096 in wages from her employer and $37,893 in schedule C gross receipts from a lawn care business. BEATY knew that her Form 1040 was not true and accurate because she failed to list the $87,952.77 that she stole from Victim 1 as income. The failure to accurately report her income was material. The Internal Revenue Service received the signed Form 1040 on February 27, 2023.

(c) Specifically, as to Count 1, BEATY signed a Form 1040 on January 26, 2024 for tax year 2023, that contained a written declaration that it was signed under the penalties of perjury, wherein she reported earning $54,250 in wages from her employer and $34,621 in schedule C gross receipts from a lawn care business. BEATY knew that her Form 1040 was not true and accurate because she failed to list the $97,550.64 that she stole from Victim 1 as income. The failure to accurately report her income was material. The Internal Revenue Service received the signed Form 1040 on February 26, 2024.

(d) BEATY acted willfully.

4. The statutory punishment for Count 1 is imprisonment for not more than 3 years, a fine of not more than $100,000, and a term of supervised release of not more than 1 year. A mandatory special assessment of $100 applies for each count, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court:

(a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2025, manual, will determine the Defendant's guidelines range.

(b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes all of the conduct in the years 2022 and 2023.

2

(c) Pursuant to U.S.S.G. § 2T1.1(a) and 2T4.1(D), the base offense level is 12 for a tax loss of more than $15,000 but less than $40,000.

(d) Pursuant to U.S.S.G. § 2T1.1(b)(1), increase the offense level by 2 levels for failure to report or correctly identify the source of income exceeding $10,000 in any year from criminal activity.

(e) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

(f) Pursuant to U.S.S.G. § 5E1.1, restitution is $37,775 and the victim is the Internal Revenue Service - RACS, Attn: Mail Stop 6261, Restitution, 333 West Pershing Avenue, Kansas City, Missouri 64108.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2.

8. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant waives the right to appeal any determination made by the Court at sentencing with the sole exception that the Defendant may appeal any aspect of the sentence if the length of the term of imprisonment exceeds the advisory sentencing guidelines range as determined by the Court at sentencing. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

3

9. The United States will recommend releasing the Defendant on the current conditions for future court appearances if the Defendant does not violate the terms of the order setting conditions of release.

10. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

11. The Defendant agrees to pay restitution of $37,775.00 to the Internal Revenue Service (IRS). This restitution consists of the following tax amounts for the following calendar tax years: $18,165.00 for 2022 and $19,610.00 for 2023. The Defendant agrees that these yearly restitution amounts result from her fraudulent conduct and that she is liable for fraud penalties on these amounts. She understands that the IRS will use the restitution order as the basis for a civil assessment and that she does not have the right to challenge the amount of this assessment. Neither the existence of a restitution payment schedule nor the Defendant's timely payment of restitution according to that schedule will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint. The Defendant agrees that she will sign any IRS forms deemed necessary by the IRS to enable the IRS to make an immediate assessment of taxes, penalties, and interest based upon the restitution amounts, and she agrees not to challenge or dispute the assessment or the amounts of taxes, penalties, or interest. She agrees to

4

provide to the IRS, upon request, information regarding the above tax years, and she agrees not to file any claims for refunds of taxes, penalties, or interest for those years. Nothing in this agreement shall limit the IRS in its lawful examination, determination, assessment, or collection of any taxes, penalties, or interest due from the Defendant for the time periods covered by this agreement or any other time period. The Defendant agrees that this agreement, or any judgment, order, release, or satisfaction issued in connection with this agreement, will not satisfy, settle, or compromise her obligation to pay the balance of any remaining civil liabilities, including tax, additional tax, additions to tax, interest, and penalties, owed to the IRS for the time periods covered by this agreement or any other time period. Thus, the defendant understands and agrees he remains liable for any civil fraud penalty imposed by 26 U.S.C. § 6663 on any understatements of tax for the years involved.

13. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete, sign, and return to the United States Attorney's Office a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. Upon request, the Defendant agrees to provide the United States Attorney's Office with records verifying her financial information or with any releases required to obtain such records, with such releases being valid for a period extending 90 days from the date of sentencing. The Defendant will submit to an examination, which may be taken

5

under oath and may include a polygraph examination. Prior to sentencing, the Defendant agrees to notify the United States Attorney's Office and obtain its consent before transferring, encumbering, or disposing of any interest in property with a value exceeding $1,000.00 owned or controlled directly or indirectly, individually or jointly, by the Defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. The Defendant agrees to notify the United States Attorney's Office of any material changes in her economic circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

14. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for

6

demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613. The Defendant expressly authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court. The Defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

15. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

16. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

17. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

7

JASON D. PARMAN
FIRST ASSISTANT
UNITED STATES ATTORNEY

Date: 4·13·2024                By: _____
                                   Andrea L. Mattingly Williams
                                   Assistant United States Attorney

Date: 4/13/2026                    _____
                                   Sidney Donella Beaty
                                   Defendant

Date: 4/12/2026                    _____
                                   Noah Friend
                                   Attorney for Defendant

8